UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARITA ARONOVA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>VINFEN, INC.,<br><br>　　　　　　Defendant. | Case No. 1:13-cv-13024-DJC |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Defendant Vinfen, Inc. ("Vinfen") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Margarita Aronova's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As discussed in greater detail below, Plaintiff, a former Vinfen employee, has filed a sparse Complaint vaguely alleging that she "believes" she was subjected to discrimination on the basis of her Russian national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). In doing so, Plaintiff failed to state a colorable claim for relief. Additionally, Plaintiff failed to comply with the Federal Rules of Civil Procedure regarding basic pleading standards. Accordingly, the Complaint against Vinfen should be dismissed in its entirety with prejudice.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is a former employee of Vinfen who worked as a Residential Counselor in Vinfen's Burgess Community Based Flexible Support Program. Her employment was terminated on January 17, 2013, for attendance-related performance issues. In her Complaint (Docket No. 1) ("Compl."), Plaintiff alleges that Vinfen discriminated against her because of her

national origin (Russian) in violation of Title VII. Compl. ¶ 1. Plaintiff states that she "singled out for disciplinary action" because her supervisor would "tease her when she mispronounced words." Id. Although unclear, she also apparently alleges that she lost her job as a result of discrimination: Plaintiff states that she was terminated "when [she] had pneumonia and all [her] absences were covered by doctor's notes." Id.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") on February 25, 2013, alleging that Vinfen discriminated against her based on her national origin. On or around August 20, 2013, the Charge was dismissed by the EEOC with a lack of probable cause finding on Plaintiff's charge of employment discrimination. See EEOC Dismissal and Notice of Rights, attached to Compl (Docket No. 1). On November 4, 2013, Plaintiff, who appears pro se, filed the instant Complaint.[1] Vinfen was served on July 28, 2014.

## ARGUMENT

**A.     Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "must accept all well-pleaded facts alleged in the Complaint as true and

---

[1] On December 4, 2013, this Court granted Plaintiff's Motion to Proceed in *Forma Pauperis* (Docket No. 2) and ordered that Plaintiff serve the order and summons, once received from the clerk, upon Defendant in accordance with Federal Rule of Civil Procedure 4(m). (Docket No. 4). Despite the clerk creating and sending the summons to Plaintiff on December 6, 2013 (Docket No. 5), on June 18, 2014, Plaintiff had not yet served Defendant. Therefore, the Court issued a notice of potential dismissal of the action pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 4.1(b). (Docket No. 6). Plaintiff was thereby notified that the action would be dismissed twenty-one days from that order unless proof of service was filed. *Id.* On July 1, 2014, Plaintiff filed a Motion for Extension of Time to Serve Parties (Docket No. 8), which this Court granted on July 14, 2014, ordering that Plaintiff file proof of service as required by Federal Rule of Civil Procedure 4(m) by July 31, 2014, or the action would be dismissed. (Docket No. 9). Although Plaintiff served Vinfen on July 28, 2014, as Plaintiff has yet to file proof of service, this action is subject to dismissal pursuant to the Court's order of July 14, 2014.

draw all reasonable inferences in favor of the plaintiff." *Watterson*, 987 F.2d at 3. This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992).

Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (quotation and citation omitted), *cert. denied*, 523 U.S. 1023 (1998). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678-679. Moreover, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." *Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009) (quotation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not 'show[n]'— 'that the pleader is entitled to relief,'" and the complaint must therefore be dismissed. *Iqbal*, 556 U.S. at 680 (*citing* Fed. R. Civ. P. 8(a)).

A party's pro se status does not "absolve [her] from compliance with the Federal Rules of Civil Procedure." *Feinstein v. Moses*, 951 F.2d 16, 21 (1st Cir. 1991) (upholding dismissal of *pro se* action and finding lack of appellate jurisdiction); *F.D.I.C. v. Anchor Properties*, 13 F.3d 27, 31 (1st Cir. 1994) (applying principle to court's procedural rules).

**B.     Plaintiff Fails to State A Colorable Claim of Employment Discrimination**

None of the allegations set forth by Plaintiff state a colorable claim of national origin

discrimination under Title VII.  To establish a *prima facie* case of discrimination under Title VII, Plaintiff must show (1) that she is a member of a protected class; (2) her employer took an adverse employment action against her; (3) she was qualified for the employment she held; and (4) her position remained open or was filled by a person whose qualifications were similar to hers.  *See Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 33 (1st Cir. 2001).  Plaintiff's bare bone and conclusory allegation that she was "a victim of unlawful employment discrimination" due to her Russian national origin, without any support by way of factual allegations, is insufficient to state a claim.  *Iqbal*, 556 U.S. at 686-687.  In other words, crediting her allegations as true, Plaintiff's complaint does not contain enough factual material to raise above the speculative level.  *See Twombly*, 550 U.S. at 555.  For instance, Plaintiff has made no allegations that she was qualified for the position, nor that her position remained open or was filled by a person whose qualifications were similar to hers.  Plaintiff's allegation that she "was singled out for disciplinary action," "while not stating ultimate legal conclusions, [is] nevertheless so threadbare or speculative that [it] fail[s] to cross the line between the conclusory and the factual."  *Gregory v. YWCA Haverhill, Inc.*, No. 13-11342, 2014 WL 3798893, at *3 (D. Mass. July 30, 2014).  In sum, the allegations of Plaintiff's complaint fail to make her claim of national origin discrimination plausible, and therefore, the complaint should be dismissed.

C. **Plaintiff's Complaint Should Be Dismissed For Failure To Comply With the Federal Rules Of Civil Procedure**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain, among other things, "a short and plain statement of the claim" showing that the pleader is entitled to relief.  Fed. R. Civ. Pro. 8(a)(2).  It is well established that the district court may dismiss a complaint if the plaintiff fails to comply with Rule 8(a)(2).  *See Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993).  The United States Court of Appeals for the First Circuit has held that "[i]f the factual

allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 555). As noted above, the fact that Plaintiff is *pro se* does not excuse her from abiding by the Federal Rules. *See Feinstein*, 951 F.2d at 21; *Anchor Properties*, 13 F.3d at 31; *see also Miranda v. United States*, 105 F. App'x 280, 281 (1st Cir. 2004) (dismissing complaint of *pro se* plaintiff who failed to comply with Fed. R. Civ. P. 8(a), 8(e) and 10(b)) (unpublished decision).

Plaintiff's Complaint is undoubtedly "meager," unclear and plainly does not comply with Rule 8. In particular, Plaintiff's allegations regarding disciplinary action are disjointed and confusing. Answering this Complaint would be difficult, if not almost impossible, and Vinfen cannot "reasonably be expected" to respond to such allegations. *See Miranda*, 105 F. App'x at 281. The Court should exercise its discretion and dismiss the Complaint for failing to comply with the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons set forth above, Vinfen respectfully requests that this Court grant its Motion to Dismiss in its entirety and dismiss all claims against Vinfen with prejudice.

        Respectfully submitted,

        VINFEN, INC.

        By its Attorney,

        */s/ M. Amy Carlin*
        M. Amy Carlin (BBO #648336)
        MORGAN, BROWN & JOY, LLP
        200 State Street
        Boston, MA  02109
        (617) 523-6666
        acarlin@morganbrown.com

Dated: August 18, 2014

## **CERTIFICATE OF SERVICE**

 I hereby certify that on August 18, 2014, a true and correct copy of the foregoing document was served via ECF, and upon the *pro se* Plaintiff via U.S. Mail, First Class as follows:

Margarita Aronova
90 Mt. Pleasant Avenue
Boston, MA 02119

           */s/ M. Amy Carlin*
           M. Amy Carlin